UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>V.  )<br>  )<br>HECTOR SALAS, JR.,  )<br>  )<br>Defendant.  ) | Criminal Action No. 5: 17-069-DCR-2<br><br>**MEMORANDUM ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Hector Salas, Jr. was charged with multiple controlled substance offenses and illegally reentering the United States after deportation for the commission of an aggravated felony. A jury convicted Salas of conspiring to distribute five kilograms or more of cocaine, 400 grams or more of fentanyl, and one kilogram or more of heroin and possession with the intent to distribute five kilograms or more of cocaine. Following that trial, Salas pleaded guilty to illegal re-entry into the United States after deportation for commission of an aggravated felony.[1] Salas was sentenced to a total term of 127 months' imprisonment on May 14, 2018. His conviction and sentence were affirmed on appeal.

Salas recently filed a motion for compassionate release.[2] He also asks the Court to vacate a prior order of deportation and allow him to remain in the United States following his

---

[1] Salas was scheduled for separate trials with respect to the controlled substance offenses and the immigration offense. [Record No. 115]

[2] Salas is in custody at Atlanta USP and has a projected release date of May 25, 2026. *See* Federal Bureau of Prisons, *Find an inmate.* https://www.bop.gov/inmateloc/ (last accessed Sept. 19, 2023).

release from custody. These requests are addressed in turn.

While the Court generally may not modify a term of imprisonment once it has been imposed, it may reduce a defendant's sentence if the defendant demonstrates that extraordinary and compelling circumstances warrant a sentence reduction. 18 U.S.C. § 3582(c). After fully exhausting all administrative remedies, a prisoner seeking compassionate release must show that extraordinary and compelling circumstances warrant a sentence reduction; that a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable; and that such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. § 3582(c)(1)(A) (amended 2018).

Prior to enactment of the First Step Act of 2018, only the Bureau of Prisons ("BOP") could request compassionate release on a defendant's behalf. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (citing § 3582(c)(1)(A) (2002)). The First Step Act eliminated this gatekeeping role and allowed prisoners to move for relief when the BOP declined to act. *Id.* As of today, the Sentencing Commission has not adopted a policy statement that applies when a defendant (as opposed to the BOP) files a motion for compassionate release. *Id.* Accordingly, the Court only need consider whether the defendant has identified extraordinary and compelling reasons for a sentence reduction and whether the § 3553(a) factors support granting the relief sought. *Id.*

Salas argues that he is married and has ten children and ten grandchildren. But contrary to his assertion, the Court was advised of Salas' family situation at the time of sentencing, including the fact that he had no contact with four of his minor children. Regardless, many defendants have large families and this factor, standing alone, does not constitute an extraordinary and compelling circumstance warranting release. Likewise, the defendant's

"extensive efforts at rehabilitation," while commendable, do not rise to the level of extraordinary and compelling circumstances, considered in isolation, or in conjunction with the defendant's large family.

Next, the factors of 18 U.S.C. § 3553(a) do not support a sentence reduction. The defendant's crimes were very serious and involved the introduction of large quantities of controlled substances into central Kentucky. As the Court expressed during the sentencing hearing, a substantial sentence is necessary to deter the defendant, who has shown an inclination to return to the United States and engage in criminal conduct following deportation. A significant sentence also serves as a warning to others who may be inclined to engage in similar conduct. The Court remains persuaded that the within-guidelines sentence of 127 months' imprisonment is minimally sufficient to achieve the purposes of § 3553(a). Certainly, it is not excessive.

Salas also asks the Court to prevent his deportation following his release from custody. He contends that he should not be deported because he was born in the United States and the crime that triggered his previous deportation was a misdemeanor. Salas' presentence investigation report indicates that he was deported to Mexico on November 20, 2007, following his conviction for burglary in San Bernardino Superior Court. Records revealed that he did not apply to lawfully re-enter the United States following deportation. Salas did not object to these portions of his presentence report.

The Court noted during the sentencing hearing that Salas is likely to be deported following service of his sentence. That statement was based on information the Court received concerning an Immigration and Customs Enforcement deportation detainer placed on Salas when he was arrested for the offenses underlying this matter on May 18, 2017. And this Court

is without jurisdiction to vacate or set aside an immigration order that will take effect upon Salas' release.  *See* 8 U.S.C. §§ 1228, 1252(a)(5), (b)(9).

The Court also notes that Salas acknowledged during his re-arraignment hearing that he would likely be deported following completion of his sentence.  [Record No. 225, p. 11]  When asked what he did to be guilty of the illegal re-entry charge, Salas stated, "I came back to the United States."  He admitted that, prior to his arrest for the controlled substance offenses on May 18, 2017, he had been deported from the United States after having committed an aggravated felony offense in the United States.  *Id.* at p. 17.

Based on the foregoing analysis, it is hereby

**ORDERED** that the defendant's motion for compassionate release and relief from a deportation order [Record No. 378] is **DENIED**.

Dated: September 19, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky